Will of Olson: Olson, Appellant, vs. Hansen, Trustee, Respondent.

*May 12—June 20, 1932.*

*John P. Retzer* of Milwaukee, for the appellant.
*Gordon I. Hansen* of Milwaukee, for the respondent.

ROSENBERRY, C. J.  The controversy in this case requires a construction of the second clause of the will, which provides:

"Second. I give, devise, and bequeath to my said executor, as trustee, the real estate hereinafter described, to have and to hold the same as trustee upon the following trust and for no other purpose whatsoever, namely:

"(a)  To give to my beloved husband, Halvor B. Olson, the income from the real estate owned by me, known as 768 and 770 Mineral street, Milwaukee, Wisconsin, during his natural life and upon his death the said property shall be turned over to my son, Theodore Johnson, absolutely, and the trust hereby created shall thereupon cease and terminate.

"(b) In the event that the income from the real estate held in trust for the benefit of my husband during his natural life is insufficient for his support and maintenance and for the payment of taxes, insurance, and repairs, it is my wish that my trustee hereinafter named obtain a loan on the real estate above referred to for such sum or sums as he shall see fit, it being my purpose to provide for my husband from my property during his natural life and at his death, the remainder shall go to my beloved son, Theodore Johnson."

Upon the hearing the trustee stated that his reason for not mortgaging the property for the benefit of the petitioner was the fact that he occupies a flat rent free, that the petitioner has the income from some real property of his own, coupled with the fact that he has received approximately $9,000 since 1923. In the $9,000 is included what the trustee considers a fair rental value of the flat and property occupied by the petitioner.

It also appears that the defendant for some time after the death of the testatrix employed a housekeeper at $50 a month; that by reason of his advancing years he solicited his son and his wife to come from Michigan to live with him and take care of him. He contends he is entitled to receive net for his support at least $85 a month.

Under the circumstances, what is the duty of the trustee under the language of the will? If the language of the will is plain and unmistakable, the real issue is obscured by reference to decided cases. It is considered that it was the plain intent and purpose of the testatrix to require the trustee to provide for the entire support of the husband out of her estate. His refusal to furnish such support for the reason that the petitioner has available means of his own is not a fulfilment of the wishes of the testatrix. It does not require the aid of the surrounding circumstances to make

clear the testamentary purpose. The testatrix, who appears to have been an able woman, no doubt considered it to the advantage of her estate to make the arrangement which she entered into. If by reason of the fact that the petitioner has lived longer than was expected and the estate suffers thereby, it affords no excuse for the failure of the trustee to perform his duty. It is apparent that a failure to provide for the petitioner operates to the advantage of the remainderman, a cousin of the trustee. The use of the word "wish" in the phrase: "It is my wish that my trustee hereinafter named obtain a loan," etc., might leave the matter open to some doubt but for the subsequent phrase: "It being my purpose to provide for my husband from my property during his natural life and at his death. . . ." This language is so clear and unambiguous as to make it the duty of the trustee to provide a reasonable support for the petitioner and for that purpose to procure a loan if the income from the trust property does not provide a sufficient support. The testamentary purpose is clear, the language is mandatory, and the trustee should proceed to execute his trust in accordance therewith. If the trustee refuses or neglects to execute the trust he should be removed and a trustee appointed who will carry out the purpose and intention of the testatrix.

*By the Court.*—The order dismissing the petition is reversed, and the cause remanded for further proceedings as indicated in the opinion.